IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | **Criminal Action No.: 9:23-cr-833-RMG** |
| | ) | |
| v. | ) | |
| | ) | |
| Peter J. Strauss, | ) | |
| | ) | **EXPEDITED RULING REQUESTED** |
| Defendant. | ) | |
| _____ | ) | |

### DEFENDANT'S MOTION FOR STAY OF SENTENCING HEARING WHILE MANDAMUS PETITION IS PENDING, AND MEMORANDUM IN SUPPORT

The Defendant, Peter J. Strauss ("Strauss" or "Defendant"), by and through his undersigned counsel, hereby respectfully moves (the "Motion") the Honorable Richard M. Gergel to stay the sentencing hearing pending appellate consideration of his petition of mandamus. Defendant requests an expedited ruling by the Court on this Motion.

### I. PROCEDURAL HISTORY

On October 12, 2023, Defendant executed a plea agreement with the United States Government ("United States" or "Government"), by and through the U.S. Attorney's Office for the District of South Carolina ("USAO"), agreeing to plead guilty to a violation of 18 U.S.C. §§ 2232(a) and 2. ECF 5.

On November 6, 2023, in a hearing before Judge Gergel, Strauss pleaded guilty to the said one-count Information. ECF 16.

On December 6, 2023, Strauss filed a motion for recusal or disqualification (the "Recusal Motion"). ECF 26.

On December 12, 2023, the Court denied the Recusal Motion. ECF 32.

On December 27, 2023, Strauss filed a petition for mandamus (the "Mandamus Petition") with the Fourth Circuit Court of Appeals. *In re Peter J. Strauss*, No. 23-2312, ECF 1 (4th Cir. De. 23, 2023). The Mandamus Petition seeks to have the denial of the Recusal Motion vacated, and have the said motion heard by a new judge or, in the alternative, have a new judge assigned to this case. The Mandamus Petition is still pending.

On February 29, 2024, a Pre-Sentence Report ("PSR") from the United States Probation Office was issued, and the Court scheduled a sentencing hearing for March 29, 2024. ECF 46.

Strauss continues to cooperate with the USAO.

## II.  LAW

"A court has the power to stay proceedings, which is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Doe v. Bayer Corp.*, 367 F. Supp. 2d 904, 914 (M.D.N.C. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In considering a discretionary stay, the court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254, 255. Furthermore, "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

In determining a motion to stay, a court must consider four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 426 (2009).

### III.  ARGUMENT

With much respect, this Court should grant this Motion to stay. The four *Holder* factors weigh heavily in support of a stay of the sentencing of this case pending the appellate court's final determination of the Mandamus Petition.

First, Strauss has made a strong showing that he is likely to succeed on his Mandamus Petition.  As indicated in the Recusal Motion and the Mandamus Petition, Strauss presented an affidavit which was "timely and sufficient" under the recusal statute, 28 U.S.C. § 144.  The order denying the Recusal Motion did not appear to address the sufficiency of the affidavit.  As such, Judge Gergel had no discretion to do anything but have this case assigned to another judge. The other reasons for recusal are set forth in the Recusal Motion and are incorporated herein. A further indication that the Mandamus Petition is likely to succeed is that the Fourth Circuit Court of Appeals has been considering it since January.  If the Fourth Circuit was going to deny the Mandamus Petition, it would likely have issued a one-page order denying the same.  Thus, the first *Holder* factor weighs in Strauss's favor.

Second, it is clear that Strauss will be irreparably injured absent a stay.  He has statutory and Constitutional rights to be sentenced by an impartial judge.  Once he is sentenced by a judge he considers biased, he has limited appeal rights which may not be able to provide him a remedy. His plea agreement provides, in part, that he "waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action[.]"  Thus, the second *Holder* factor weighs in Strauss's favor.

Third, the issuance of the stay will not substantially injure the other parties interested in the proceeding.  The Government will suffer no discernable harm by having a stay issued.  A stay only delays the ultimate sentencing so the appellate courts can review the Mandamus

Petition and determine whether the Recusal Motion is meritorious. Thus, the third *Holder* factor weighs in Strauss's favor.

Lastly, the public interest lies squarely in support of the concept that judicial impartiality should be of utmost importance in all cases. The Recusal Motion and Mandamus Petition seek to promote that concept. Again, the public interest is not impaired in any way simply by delaying the sentencing in this case with a stay. Thus, the fourth *Holder* factor weighs in Strauss's favor.

With all of the *Holder* factors favoring Strauss, a stay should be issued in this case.[1]

## CONCLUSION

For the reasons set forth above, as well as any which may be advanced during any subsequent hearing on the Motion, Defendant Strauss respectfully requests that this Motion be granted and a stay of the sentencing hearing be issued. Defendant Strauss respectfully requests that a ruling on this Motion be expedited.

**SO MOVED.**

February 29, 2023                Respectfully submitted,

Charleston, S.C.                 /s/ Joseph P. Griffith, Jr.
                                 Joseph P. Griffith, Jr., Esquire (Fed.I.D. # 2473)
                                 Joe Griffith Law Firm, LLC
                                 946 Johnnie Dodds Boulevard
                                 Mt. Pleasant, South Carolina 29464
                                 (843) 225-5563 (tel)
                                 (843) 722-6254 (fax)
                                 joegriffithjr@hotmail.com
                                 joe@joegriffith.com
                                 www.joegriffith.com

                                 Attorney for Defendant Peter J. Strauss

---

[1] The undersigned consulted with AUSA Emily Limehouse and, at this time, she intends to oppose this Motion.