# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 9:23-00833-RMG |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| PETER J. STRAUSS | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STAY SENTENCING HEARING

On November 6, 2023, the Defendant Peter J. Strauss plead guilty to transferring funds subject to lawful seizure before this Court. ECF No. 16. Following the guilty plea, the Defendant moved to recuse the Court in advance of sentencing. ECF No. 26. This Court entered a thorough order declining to recuse itself on December 12, 2023. ECF No. 32.

Thereafter, on December 27, 2023, the Defendant filed a petition for mandamus with the Fourth Circuit Court of Appeals, seeking to vacate this Court's denial of his request for recusal. On April 26, 2024, the Fourth Circuit denied Strauss' motion for writ of mandamus, and on July 2, 2024, denied his motion for a rehearing and a rehearing en banc.

Strauss is currently scheduled to be sentenced by this Court on August 27. On August 6, 2024, Strauss' counsel filed a letter with the Court requesting a status conference to stay or continue the sentencing. Strauss intends to file a petition for certiorari to the Supreme Court and seeks a stay of the sentencing until the Supreme Court's ruling on his cert petition. On August 12, 2024, Strauss filed an application for a stay of the sentencing with the Supreme Court.

The Government is unaware of any case in which the Supreme Court has stayed a sentencing hearing pending its ruling on a cert petition seeking review of an appellate court's

denial of a mandamus petition. The Government, for the reasons set forth in this Court's order declining to recuse itself, does not believe that the Supreme Court will grant Strauss' cert petition. However, the Government recognizes that the Fourth Circuit granted Strauss' request to stay the sentencing pending its resolution of his mandamus petition. And the Government recognizes that judicial economy weighs in favor of a stay—full disposition of Strauss' request for recusal in advance of sentencing, ensuring a clean procedural record. While the Government and public have an interest in the expeditious resolution of this case, a stay may be appropriate under these circumstances.

        Respectfully submitted,

        ADAIR F. BOROUGHS
        UNITED STATES ATTORNEY

By: *s/ Emily Evans Limehouse*
        Emily Evans Limehouse (#12300)
        Assistant U.S. Attorney
        151 Meeting Street, Suite 200
        Charleston, South Carolina 29401-2238

August 14, 2024        (843) 727-4381