# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| vs. ) | Criminal No. 9:23-833-RMG |
| ) | |
| Peter J. Strauss, ) | |
| ) | |
| Defendant. ) | **ORDER** |
| ) | |
| _____) | |

Defendant has moved before the Court to stay his sentencing hearing, scheduled for August 27, 2024, because he plans to seek a writ of certiorari from the United States Supreme Court regarding the denial by the Fourth Circuit of his petition for a writ of mandamus seeking the recusal of this Court for alleged bias. (Dkt. No. 62). The Government responded that while it doubted the United States Supreme Court would grant a writ of certiorari under these circumstances, "judicial economy weighs in favor of a stay—full disposition of Strauss' request for recusal in advance of sentencing, ensuring a clean procedure record." (Dkt. No. 65 at 2). The Court conducted a hearing on this matter on August 16, 2024. The matter is now ripe for disposition.

**Factual Background**

Defendant, a formerly licensed attorney, pled guilty before this Court on November 6, 2023 to Aiding and Abetting Removal of Property to Prevent Seizure. The instant offense arose out of Defendant's knowing participation in the unlawful transfer of funds of a client, Jeff Carpoff, that was subject to a federal court seizure order. On December 6, 2023, Defendant moved to disqualify the undersigned because the Court handled an earlier civil matter involving an effort by an investor to retrieve funds allegedly stolen by Mr. Carpoff that were transferred to third parties after being deposited in Defendant's law firm trust account. (Dkt. No. 26). The Court denied Defendant's

1

motion to recuse on December 11, 2023, addressing in detail issues raised in Defendant's motion. (Dkt. No. 32). Defendant filed a petition for a writ of mandamus with the Fourth Circuit on December 28, 2023, seeking to require the recusal of the Court. *In re: Peter J. Strauss*, Appeal No. 23-2312.  On March 26, 2024, a panel of the Fourth Circuit denied the petition without a dissent. *Id*., Dkt. No. 25. Defendant thereafter sought rehearing and rehearing *en banc*. On July 2, 2024, rehearing and rehearing *en banc* were denied, without any dissent and without any Fourth Circuit judge requesting a poll. *Id.*, Dkt. No. 28. On August 2, 2024, the Court set a sentencing date for August 27, 2024. Defendant moved on August 6, 2024 for stay of his sentencing pending the filing of his petition for a writ of certiorari to the United States Supreme Court. (Dkt. No. 62).

The Court notes at the outset that neither the Defendant nor the Government cited any legal authority for this highly unusual request: to stay a criminal defendant's sentencing so he could pursue a writ of certiorari to the United States Supreme Court after his efforts to recuse the district court judge presiding over his sentencing had been denied by the district court and the court of appeals. The United States Supreme Court has set a demanding standard for the issuance of a stay of a lower court order pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 425-426 (2009). The first two factors are the most critical. *Id.* at 434. The issuance of a stay is left to the sound discretion of the district under the standards set forth above, and the party seeking a stay bears the burden of showing that the circumstances justify a stay. *Id*. at 433-434.

Defendant's motion for a stay plainly does not meet *Nken* standards. He cannot show a strong likelihood of success on the merits[1], he would suffer no irreparable injury from completing his sentencing and raising all issues on direct appeal, and there is a strong interest of the Government and the public in the efficient and orderly operation of the criminal justice system.

Sometimes, however, the Court finds it necessary to bend the ideal to the practical. According to A Reporter's Guide to Applications Pending Before the Supreme Court of the United States (2022), prepared by the Public Information Office of the Supreme Court, it takes about six weeks from the time a petition for certiorari is filed until the Supreme Court acts on the petition. A REPORTER'S GUIDE TO APPLICATIONS at 15. Defendant has advised the Court that his application for certiorari is due on or before September 29, 2024. (Dkt. No. 62). Thus, the potential delay in sentencing of several months is not sufficiently consequential to burden the designated Fourth Circuit justice, Chief Justice Roberts, with having to address an emergency request for a stay under Rule 22 of the Supreme Court Rules or require the parties to rapidly brief a motion for an emergency stay.

The Court grants a stay of sentencing pending the Supreme Court's response to Defendant's petition for a writ of certiorari. The parties are directed to promptly provide the Court notice of any decision by the Supreme Court on Defendant's petition for a writ of certiorari.

**AND IT IS SO ORDERED**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

---

[1] The United States Supreme Court receives 5,000-6,000 petitions for certiorari per year and grants certiorari in about 60-70 cases annually. The Court could locate no instance where the Supreme Court has ever granted certiorari in the denial of a writ of mandamus by a court of appeals relating to a criminal defendant's efforts to force the recusal of the sentencing judge.

August 16, 2024
Charleston, South Carolina